UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-22889-GAYLES/TORRES

**L'ATELIER PARIS HAUTE DESIGN LLC,**
a Florida limited liability company,

    Plaintiff,

v.

**OFFICINE GULLO, INC.**, a New York corporation,
and **OFFICINE GULLO, S.r.l.**, an Italian limited
liability company,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant Officine Gullo Inc.'s Motion to Dismiss (the "Motion") [ECF No. 31]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### BACKGROUND[1]

Plaintiff L'Atelier Paris Haute Design, LLC creates custom kitchens for clients in Miami, Florida and across the United States and Europe. Its focus is "high-end, French inspired kitchens that includes the appliances, sinks, cabinetry, and countertops." [ECF No. 21 at ¶ 6]. Defendant Officine Gullo, S.r.l. (the "Italian Defendant") is an Italian company that maintains showrooms in New York and Los Angeles, among others globally. Defendant Officine Gullo Inc. (the "Instant Defendant") is

---

[1] As the Court is proceeding on a Motion to Dismiss, it takes Plaintiff's allegations in the Amended Complaint (the "Complaint"), [ECF No. 21], as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Moreover, the Court may properly consider the exhibits attached to the Complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." (citation omitted)); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The Court notes that Plaintiff filed a corrected version of the Complaint exhibits. [ECF No. 41].

a New York corporation that was incorporated by the Italian Defendant to distribute and sell its products in the United States. The Instant Defendant either licenses the Italian Defendant's trade dress and marks on the products it distributes and sells or is an agent acting on behalf of the Italian Defendant.

At one point, Plaintiff's principals, through a different entity named Officine Gullo USA LLC, had a business relationship with the Italian Defendant in which the Italian Defendant had a Miami showroom and Officine Gullo USA LLC served as a distributor for the Italian Defendant's custom-made kitchens (the "Distribution Relationship"). That relationship terminated in mid-2019. After the Distribution Relationship ended, the Italian Defendant, for itself and for the benefit of the Instant Defendant, began accusing Plaintiff of violating its "trade dress" related to its custom kitchen company. *Id.*

On September 19, 2019, the Italian Defendant sent a "Termination of Distribution Relationship" letter to Plaintiff, acknowledging the termination of the business between it and Officine Gullo USA LLC. [ECF No. 41-1]. In that letter, the Italian Defendant also noted that Plaintiff's products "raise serious concerns of violation of Officine Gullo Srl intellectual property" that could "create customer confusion" and stated that "any attempt to characterize the L'Atelier product line as an Officine Gullo product line is a clear trademark and unfair competition violation." *Id.* at 3. On April 24, 2020, the Instant Defendant[2] sent a letter to Plaintiff, acknowledging the Italian Defendant's prior letter and addressing Plaintiff's "[c]ontinued Trade Dress [v]iolation[.]" [ECF 41-2 at 3]. In that letter, the Instant Defendant told Plaintiff that some of its products are a "mimick[] of Officine Gullo's proprietary trade dress [that] will result in customer confusion that is actionable

---

[2] Although Plaintiff states that this letter was sent by the Italian Defendant, *see* [ECF No. 21 at ¶ 10], it appears to have been sent by the Instant Defendant, though on behalf of the Italian Defendant. [ECF No. 41-2] ("This letter is written without waiver of any rights, remedies or defenses possessed by Officine Gullo S.r.l., and Officine Gullo Inc.").

2

under the trademark and unfair competition laws of the United States[,]" that Officine Gullo "will take all necessary action to protect its intellectual property[,]" and that Plaintiff should alter the appearance of its products "[t]o avoid consumer confusion and potential legal disputes[.]" *Id.*

On August 12, 2020, the Italian Defendant sent a letter to Plaintiff's supplier, claiming that Plaintiff was violating the Italian Defendant's intellectual property rights and would be sued for those violations, and warning the supplier of potential legal implications that could befall it due to the situation. [ECF No. 41-3]. On August 28, 2020, Plaintiff sent a response letter to the Italian Defendant, demanding it cease and desist from making false claims and threats of legal action. On October 6, 2020, the Italian Defendant sent Plaintiff's supplier a letter, demanding that it stop fulfilling and taking product orders from Plaintiff or be subject to legal action. [ECF No. 41-4]. Plaintiff responded to that letter on October 30, 2020, by sending a letter to the Italian Defendant stating that its actions constituted tortious interference and that, if necessary, legal action would be taken. [ECF No. 41-5]. Thereafter, the Italian Defendant sued Plaintiff's supplier in Portugal. Plaintiff, however, was not a party to that action. And until the instant lawsuit, Plaintiff was not a party to any litigation with Defendants concerning trade dress rights.

On August 9, 2021, Plaintiff filed this action. [ECF No. 1]. On November 8, 2021, Plaintiff filed an amended complaint, bringing the following causes of action: (1) declaratory relief (Counts I and II); and (2) trade disparagement (Count III). In response, the Instant Defendant filed this Motion, arguing that there is no subject matter jurisdiction and Plaintiff fails to state a claim.[3]

## LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) may present either a facial or a factual challenge to the complaint. *See*

---

[3] At the time the Motion was filed, the Italian Defendant had not been served.

*McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1251 (internal quotation omitted). By contrast, a factual attack "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered." *Id.* The Motion launches a facial attack on Plaintiff's standing.

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The pleadings are construed broadly, *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). On a motion to dismiss, the court need not determine whether the plaintiff "will ultimately prevail . . . but whether [its] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

## DISCUSSION

### I.  The Court Lacks Subject Matter Jurisdiction

In Counts I and II (the "Declaratory Counts"), Plaintiff seeks declaratory relief pursuant to the Declaratory Judgment Act. Specifically, Plaintiff asks the Court to declare "that the intellectual property interests asserted by Defendants are invalid and/or unenforceable" and that Plaintiff "is not

4

infringing, has not infringed, and is not liable for infringing any allegedly enforceable intellectual property interest asserted by Defendants[.]" [ECF No. 21 at ¶¶ 26, 30].

The Declaratory Judgment Act grants the federal district courts the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "An essential element for a declaratory judgment action is the existence of an 'actual controversy' between the parties, a term which holds the same meaning as the cases and controversies requirement of Article III to the United States Constitution." *Sprint Sols., Inc. v. 4 U Cell, LLC*, No. 2:15-CV-605-FTM-38CM, 2016 WL 1244528, at *2 (M.D. Fla. Mar. 30, 2016). This requires "a substantial continuing controversy between two adverse parties" that is not "conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999) (internal quotations and citation omitted). The "case or controversy must exist at the time the declaratory judgment action is filed." *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1568 (11th Cir. 1995).

The crux of the Instant Defendant's argument is that the Court lacks subject matter jurisdiction because Plaintiff has failed to allege an actual controversy against it and, thus, the Declaratory Counts are non-justiciable. The Court agrees. Almost all the allegations that give rise to this action concern the Italian Defendant, not the Instant Defendant. The only plausible action the Instant Defendant took against Plaintiff was sending the April 24, 2020 letter, though even Plaintiff repeatedly asserts this was done by the Italian Defendant, *see* [ECF No. 21 at ¶¶ 2, 10]. Although that letter put Plaintiff on notice of potential claims against it, the letter did not explicitly indicate that legal action would be taken as opposed to serving as a cautionary letter "protective of what [Instant Defendant] perceives to be its legal interests[.]" *World Religious Relief v. Gospel*

*Music Channel*, 563 F. Supp. 2d 714, 715–16 (E.D. Mich. 2008) (finding correspondence between the parties did not create an actual controversy despite allegations of likely consumer confusion with defendant's registered marks, infringement, and violations of trademark and unfair competition laws); *see Nationwide Indus., Inc. v. D & D Techs. (USA), Inc.*, No. 8:12-CV-2372-T-27EAJ, 2014 WL 12619228, at *3 (M.D. Fla. Jan. 30, 2014) ("That the attorney wrote that he would advise his clients 'to take all necessary and appropriate actions' if [p]laintiff did not respond does not amount to a threat of litigation.").

The Instant Defendant's alleged conduct is insufficient to demonstrate a substantial continuing controversy between the parties. *See Nationwide Indus., Inc.*, 2014 WL 12619228, at *3 (finding that prior history of patent litigation between the parties concerning the products at issue and a subsequent cease and desist letter about those products that generally references Lanham Act and false advertising claims are insufficient to demonstrate a substantial continuing controversy between the parties that is real and immediate). The lack of an actual controversy is also bolstered by the Plaintiff's delay in filing this case – over a year since any purported action by the Instant Defendant. And Plaintiff does not allege any prior litigation between it and the Instant Defendant. *See FC Online Mktg., Inc. v. Costa*, No. 813CV01713T27TBM, 2014 WL 12629759, at *3 (M.D. Fla. Oct. 10, 2014) (finding "no substantial controversy of sufficient immediacy and reality to warrant a declaratory judgment" where "the circumstances for which FCOM requires a declaration are abstract and conditional" because "[d]efendants have not filed an intellectual property claim against FCOM"). "A 'perhaps' or 'maybe' chance that a [] lawsuit will be filed in the future is insufficient to establish standing[,]" *Owners Ins. Co. v. Parsons*, 610 F. App'x 895, 897 (11th Cir. 2015), and the Court will not engage in the determination of a hypothetical advisory opinion, *id.* at 898 ("Such advisory relief is unavailable through the

declaratory judgment procedure."). At least as to the Instant Defendant, the Court is not convinced that there was a substantial continuing controversy of sufficient immediacy at the time Plaintiff filed this action. Thus, as to the Instant Defendant, the Declaratory Counts are dismissed without prejudice.

## II.     Trade Disparagement Claim

In Count III, Plaintiff asserts a claim of trade disparagement, alleging that Defendants have and are making statements to Plaintiff's supplier concerning Plaintiff's violations of trade dress rights. The allegations are vague and conclusory. For example, Plaintiff does not specify to which supplier the alleged statements were made, when the statements were made, or by whom the statements were made (beyond the broad nomenclature of "Defendants"). Assuming Plaintiff is referencing the August 12, 2020 letter, it is clear from the letter and Plaintiff's own allegations that this letter was sent by the Italian Defendant, not the Instant Defendant. *See* [ECF Nos. 21 at ¶ 11; 41-3]. Thus, as to the Instant Defendant, Plaintiff fails to state a claim, and Count III is dismissed without prejudice.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.     Defendant Officine Gullo Inc.'s Motion to Dismiss, [ECF No. 31], is **GRANTED**.

2.     Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of June, 2022.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE